# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIELLE M. VALOE,**

    **Petitioner,**

    **v.**                                                               **Case No. 14-CV-44**

**DENISE SYMDON,**

    **Respondent.**

## DECISION AND ORDER

Danielle M. Valoe, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Valoe was convicted of two counts of conspiracy to commit theft by fraud, and was sentenced to ten years. (On count one: seven years; on count two: three years) (Habeas Petition at 2, Docket # 1.) Valoe alleges that her conviction and sentence are unconstitutional. For the reasons stated below, the petition for writ of habeas corpus will be denied.

## BACKGROUND

In December 2005, Valoe was charged with conspiracy to commit theft by fraud against US Bank. (*State v. Valoe*, Appeal No. 2011AP1992 (Wis. App. Nov 20, 2012), Petition Exh., 1 Docket # 1-1 at 14.) The complaint alleged that Valoe would recruit other people to open accounts at the bank. The account balances would then be inflated with deposits of worthless checks or empty envelopes at automatic teller machines. (*Id.*) Valoe would then

withdraw money from the accounts before the banks detected that the deposit transactions were fraudulent. (*Id.*)

In January 2006, the State offered Valoe a deal. (*Id.*) In exchange for her guilty plea, the State would not issue additional charges as a result of her involvement in the scheme and it would make a particular sentencing recommendation. (*Id.*) Valoe rejected the offer.

In May 2006, the State charged Valoe in a new case with another count of conspiracy to commit theft by fraud against Wells Fargo Bank. (*Id.* at 15.) In July 2006, the two cases were consolidated. (*Id.*) The State then made another offer, which Valoe declined, and the trial began in October 2006. (*Id.*) On the second day of trial, Valoe pleaded guilty, but shortly after, she moved to withdraw her guilty plea, claiming that she entered it under duress. (*Id.*) The trial judge allowed her to withdraw her guilty plea and scheduled a new trial. (*Id.*)

In addition to the above charges, Valoe was also facing probation revocation in another case. (*Id.* at 15). Before the new trial on the theft by fraud charges, the prosecutor appeared at Valoe's probation revocation hearings. The prosecutor questioned four witnesses who would later testify at Valoe's new trial. (*Id.*)

In the new trial in June 2007, the jury convicted Valoe on both counts. (*Id.*) Three appeals followed Valoe's conviction. In the first appeal, Valoe challenged evidence of her fingerprint and probation status that had been admitted at trial without trial counsel's objection.(*State v. Valoe*, Appeal No. 2008AP196-CR, (Wis. Ct. App. Oct. 6, 2009), Docket 1-1 at 5.) The Wisconsin Court of Appeals found no prejudice from the admission of the evidence and affirmed Valoe's conviction. (*Id.*) The Wisconsin Supreme Court denied review.

In her second appeal, Valoe claimed that her trial counsel had been ineffective for failing to file a motion to dismiss for vindictive and selective prosecution. (Docket # 1-1 at 14.) Valoe also claimed that her postconviction counsel had been ineffective for failing to challenge trial counsel's ineffectiveness. (*Id.*) The court of appeals rejected this challenge and the Supreme Court denied review. (*Id.* at 22-23.)

Valoe's third appeal concerned her claim that her appellate counsel failed to attack her conspiracy conviction for insufficient evidence. This claim was also rejected by the court of appeals and the supreme court also denied review.

Valoe then timely filed a petition for writ of habeas corpus in this court. ( Docket # 1.)

**STANDARD OF REVIEW**

Valoe's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, a writ of habeas corpus may be granted if the state court decision on the merits of the petitioner's claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d) (1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> [U]nder the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

*Washington*, 219 F.3d at 628. The court further explained that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748-49 (7th Cir. 1997). In *Morgan v. Krenke*, the court explained that:

> Unreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting *Williams*, 529 U.S. at 411), *cert. denied*, 532 U.S. 951 (2001). Accordingly, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. *Washington*, 219 F.3d at 627.

## ANALYSIS

Valoe raises three grounds for habeas relief. First, Valoe argues that trial counsel's failure to object and the admission of evidence at trial of her fingerprint and statements that

4

she was on probation prejudiced her. (Docket # 1 at 6.) Second, Valoe argues that trial and post-conviction counsel were ineffective for not moving to dismiss for prosecutorial vindictiveness. (*Id*. at 7.) Third, Valoe argues that appellate counsel was ineffective for not raising a claim of insufficiency of evidence to convict her of conspiracy to commit theft by fraud. (*Id.* at 8.) I will address each in turn.

    1.    *Legal Standard*

The clearly established Supreme Court precedent for ineffective assistance of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, Valoe must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. To satisfy *Strickland's* performance prong, the defendant must identify "acts or omissions of counsel that could not be the result of professional judgment." *United States ex rel. Thomas v. O'Leary*, 856 F.2d 1011, 1015 (7th Cir. 1988) (citing *Strickland*, 466 U.S. at 690). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011) (quoting *Strickland*, 466 U.S. at 689). A reviewing court must seek to "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. We "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance," *id.*, and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," *id.* at 690.

To establish prejudice, it is "not enough for the defendant to show that his counsel's errors had some conceivable effect on the outcome of the [trial]." *Hough v. Anderson*, 272 F.3d

878, 891 (7th Cir. 2001). A petitioner must show "that there is a reasonable probability that, but for counsel's errors, the result of the [trial] would have been different." *Strickland*, 466 U.S. at 694. This does not mean that the defendant must show that "counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693. Rather, a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Making this probability determination requires consideration of the totality of the evidence before the jury. *Id.* at 695. A "verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.* at 696.

A court deciding an ineffective assistance claim need not approach the inquiry "in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result." *Id.*

2. *Trial Counsel's Failure to Object to Fingerprint and Probation Status Evidence*

Valoe's first ground for habeas concerns two items of evidence that were admitted without trial counsel objecting. First, a fingerprint technician testified that during his investigation, he compared fingerprints recovered from deposit slips against a fingerprint card

6

that the police had on file for Valoe. (Docket # 1-1 at 7-8.) Additionally, one of Valoe's associates testified that Valoe had a probation officer. *(Id.* at 5.) Valoe argues that both pieces of evidence prejudiced her and that there is a reasonable probability she would not have been convicted without these errors.

In addressing this claim, the Wisconsin Court of Appeals found that because Valoe's counsel did not object to either testimony, the appropriate vehicle to address her challenge was to address whether trial counsel was ineffective in failing to object. (Docket 1-1 at 6.) This approach was neither contrary to nor an unreasonable application of federal law. As the Wisconsin Court of Appeals noted, the Supreme Court held that an error that was not objected to must be analyzed under the ineffective assistance standards. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). As such, Valoe is not entitled to habeas relief on how the court of appeals approached this claim.

On the merits, the court of appeals properly cited to *Strickland*. (Docket # 1-1 at 7.) Further, because the State conceded that the evidence was improperly admitted, the court assumed that Valoe's counsel performed deficiently and proceeded to address the prejudice prong of *Strickand*. (*Id.*) In assessing whether Valoe was prejudiced, the court of appeals noted that the State had presented the testimony of several associates Valoe had recruited to participate in the fraud. (*Id.* at 5.) They testified that at Valoe's direction, they would open a bank account. (*Id.*) Valoe would then access the accounts to defraud the banks. (*Id.*) The evidence showed that many of the checks deposited in the accounts were endorsed in Valoe's associates' names, but the associates denied endorsing the checks. Additionally, the jury saw

7

numerous photographs from surveillance cameras showing Valoe cashing checks drawn on the accounts. (*Id*.)

On this record, the court of appeals found that the technician's reference to Valoe's prior fingerprint record was *de minimis*. (*Id*. at 8.) Similarly, the court of appeals reasoned that the mention of Valoe being on probation and the identifying of her probation officer were peripheral to the witnesses' main testimony, which was a detailed account of the conspiracy to defraud Wells Fargo and Valoe's actions in furtherance of the conspiracy. (*Id*.) The court of appeals reasoned that both pieces of evidence were brief moments in a multi-day jury trial. (*Id*.) As a result, the court of appeals found that Valoe had not shown that she was prejudiced by the error. In other words, she had not demonstrated that but for counsel's failure to object, the result of her trial probably would have been different. (*Id*.)

To obtain habeas relief, Valoe cannot rely on just her disagreement with the court of appeals. She must show that the Wisconsin Court of Appeals' ineffective of assistance analysis was contrary to or an unreasonable application of *Strickland*. Again, the court of appeals properly cited to *Strickland*. Moreover, the court of appeals assessed counsel's failures to object not in isolation, but in light of the entirety of the trial evidence. Accordingly, the court of appeals properly applied *Strickland*. Valoe is not entitled to habeas relief on this ground.

   3.   *Trial and Post-Conviction Counsel's Failure to Raise Prosecutorial Vindictiveness*

Next, Valoe argues that her trial and post-conviction counsel were ineffective for failing to raise a vindictive prosecution claim. Valoe was initially charged with theft by fraud against US Bank. (Docket # 1-1 at 14.) The State made her a plea offer which she declined.

8

(*Id*.) She was later charged with conspiracy to commit theft by fraud against Wells Fargo and the two cases were consolidated. (*Id*. at 15.) Valoe argues that the State charged her with the additional conspiracy charge in retaliation for her exercising her right to effective counsel. Valoe seems to also argue that the prosecutor's participation in her probation revocation hearings evidences vindictiveness on the part of the prosecutor.

The Due Process Clause of the Fourteenth Amendment prohibits prosecutions under circumstances suggesting a "realistic likelihood of vindictiveness" on the part of the prosecutor. *Blackedge v. Perry*, 417 U.S. 21, 25-29 (1974). A presumption of vindictiveness arises when a prosecutor charges a defendant for more serious charges based on the same underlying conduct. *Id*. at 21; *Thigpen v. Roberts*, 468 U.S. 27, 104 (1984). But there is no presumption of vindictiveness for filing more serious charges after a defendant rejects a plea offer. *Bordenkircher v. Hayes*, 434 U.S. 357, 358-59, 365 (1977).

In this case, regarding a presumption of vindictiveness, the court of appeals found that the prosecutor had broad discretion to add charges before trial as long as there was probable cause. (Docket # 1-1 at 18.) The court found that it was especially reasonable when there was a separate incident or a different victim from the original charge. (*Id.* at 19.) As to the allegation of actual vindictiveness, the court of appeals noted that the revocation hearings were not before it. (*Id*. at 19-20.) Additionally, the court of appeals stated that Valoe had not cited to any rule precluding the district attorney from assisting in the revocation proceedings. (*Id.* at 20.) Further, the court of appeals noted that the prosecutor appeared in the hearing after both fraud charges were filed against Valoe, so the prosecutor's participation in those hearings could not lead to a vindictive charging decision. (*Id*.) For these reasons, the court of

appeals found that Valoe had shown neither presumptive nor actual vindictiveness. (*Id*. at 23.) As a result, the court found that there was no basis for counsel to make a vindictiveness claim.

Valoe has not shown that the Wisconsin Court of Appeals' analysis of her vindictiveness claim was contrary to or an unreasonable application of federal law. As indicated earlier, mere disagreement with the state court's decision is not enough for habeas relief. Valoe must show that the decision violates Supreme Court precedent on vindictive prosecution. Additionally, Valoe must show that the decision violated *Strickland*. Without a basis to make a vindictiveness claim, there was no ineffective assistance of counsel for failing to raise the claim. Thus, Valoe has not shown that she is entitled to habeas relief on this ground.

    4.    *Appellate Counsel's Failure to Raise Insufficiency of Evidence Claim*

Finally, Valoe argues that there was not sufficient evidence to convict her of conspiracy to commit theft and appellate counsel's failure to raise this issue constituted ineffective assistance.

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime for which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). When insufficiency of evidence is asserted as the basis for a habeas petition, the petitioner must show "'upon the record evidence adduced at the trial no rational trier of fact could have found proof beyond a reasonable doubt.'" *Cabrera v Hinsley*, 324 F.3d 527, 533 (7th Cir. 2003) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 324 (1979)). The inquiry does not require the federal habeas court to "ask itself whether it believes that the evidence at trial established guilt beyond

10

a reasonable doubt." *Jackson*, 443 U.S. at 319 (citing *Woodby v. INS*, 385 U.S. 276, 282 (1966)). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

The Wisconsin Court of Appeals rejected Valoe's insufficiency claim. In doing so, the court of appeals cited to its earlier decision that there was sufficient evidence to convict Valoe, such that the reference to her police department fingerprint card and probation officer were *de minimus* when considered in context of the multi-day jury trial. (Docket # 1-1 at 31-32.) Additionally, the court found that Valoe's sufficiency of the evidence argument rested on an incorrect understanding of the law governing conspiracy. (*Id.* at 32.) Valoe seemed to argue that the evidence against her was insufficient because the other people who participated in the crimes allegedly lacked intent to defraud and allegedly believed that the actions taken with Valoe were legal. (*Id.* at 33.) Citing to Wisconsin law, the court of appeals noted that to prove conspiracy, the State need only prove that the defendant had criminal intent, regardless of the intent of other actors. (*Id.*) Thus, the court of appeals found that Valoe's insufficient evidence argument lacked merit. In turn, the court of appeals found that Valoe failed to show that counsel performed deficiently by not raising this issue.

Although the court of appeals did not cite to federal law in its sufficiency of evidence analysis, its review of the totality of the evidence was not contrary to, or an unreasonable application of federal law. The court, in essence, reviewed whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. It found on the totality of the evidence presented to the jury even without the reference to the fingerprint

11

card and the probation status, there was ample evidence to convict Valoe. Valoe fails to show how or why this is a contrary or unreasonable application of federal law. Similarly, Valoe fails to show how or why the court of appeals decision is in violation of *Strickland*. Because it was reasonable and not contrary to federal law for the court of appeals to find that Valoe's insufficiency challenge was without merit, it was also reasonable for the court to conclude that Valoe was not prejudiced by appellate counsel not raising the issue on appeal. Accordingly, Valoe is not entitled to habeas relief on this ground.

## CONCLUSION

None of Valoe's claims present any basis to grant relief under 28 U.S.C. § 2254. Accordingly, the petition is denied and this case is dismissed.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

Jurists of reason would not debate that Valoe fails to raise any cognizable grounds for habeas relief. Thus, I will deny Valoe a certificate of appealability. Of course, Valoe retains

the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Valoe's petition for a writ of habeas corpus (Docket # 1) is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue;

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 14th day of September, 2018.

                                               BY THE COURT
                                               _s/Nancy Joseph_
                                               NANCY JOSEPH
                                               United States Magistrate Judge